(C.D. 2944)

DAIDO CORPORATION *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 5, 1967)

*Allerton deC. Tompkins* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The above-enumerated protest controverts the classification by the collector of customs of certain merchandise as parts of bicycles in paragraph 371 of the Tariff Act of 1930 and the assessment of duty thereon at the rate of 30 per centum ad valorem.

It is the contention of plaintiff herein that the articles in controversy are not parts of bicycles but are chains used for the transmission of power of the type provided for in paragraph 329 of said tariff act, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, for which duty at the rate of 12½ per centum ad valorem is provided.

This case has been submitted for decision upon the following stipulation of fact:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, that the item on the invoice accompanying the entry covered by the above protest which is identified as C–784–DID–65 chains in 11″ riveted endless (½ x ⅛″) and which is marked with an A and the initials PG by Examiner Philip Grossman, and which was classified as parts of bicycles and assessed with duty at 30% ad valorem under Paragraph 371 Tariff Act of 1930 as modified, T.D. 51802, consists of chains of steel used for the transmission of power, of not more than 2-inch pitch, and containing more than three parts per pitch, valued at more than 40¢ per pound, not dedicated for use on bicycles.

Upon the agreed facts of record, we hold that the item of merchandise marked and initialed as aforesaid should properly have been classified as chains of iron or steel, used for the transmission of power, of not more than 2-inch pitch, and containing more than three parts per pitch, valued at over 40 cents per pound, in paragraph 329 of the Tariff Act of 1930, as modified by the Japanese protocol and supple-

ment thereto, *supra*, and subjected to duty at the rate of 12½ per centum ad valorem. That claim in the protest is, therefore, sustained. As to all other merchandise and all other claims, the protest is overruled.

Judgment will issue accordingly.